**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CLARENCE W. HAWKEY, JR.,**

      **Plaintiff,**

**v.**                                                     **No.  04-2362-CM-DJW**
**ALVIN VEESART, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the Court on individual Defendant Veesart's Motion to Enforce Agreement (doc. 49). For the reasons set forth below, the Motion will be denied.

**I.      Background Facts**

This personal injury action arises from an October 6, 2002 accident at a gun show in Wichita, Kansas. More specifically, Plaintiff alleges that at the gun show, which was sponsored by former Defendant Chisholm Trail Antique Gun Association (Chisholm Trail), Defendant Best discharged a rifle with a blank cartridge near Plaintiff's right ear and caused permanent hearing damage.

During the course of discovery, all three Defendants – Chisholm Trail, Alvin Veesart and Charles Best – agreed to share equally in the cost of a Federal Rule of Civil Procedure 35 independent medical examination of Plaintiff. The examination was scheduled with Dr. Gregory Ator for May 10, 2005.

On April 27, 2005, Defendant Chisholm Trail settled with Plaintiff. On that same day, Chisholm Trail transmitted an e-mail message to counsel for both co-defendants informing them of the settlement and of Chisolm Trail's impending withdrawal from the case.

The examination was then scheduled and ultimately took place on May 10, 2005. Dr. Ator submitted an invoice for the cost of the examination to Defendant Veesart's counsel on May 16, 2005. Counsel for Defendant Veesart then sent a letter to counsel for Chisholm Trail on May 17, 2005 requesting reimbursement for one-third of the $1800.00 bill – or $600.00. In response, counsel for Chisholm Trail left a telephone message with Defendant Veesart's counsel stating that Chisolm Trail would not pay for the examination since it was scheduled and performed after Chisholm Trail had settled with Plaintiff. Chisholm Trail was officially terminated as a party to this matter on May 19, 2005 pursuant to a Stipulation of Dismissal filed that same day.

On May 31, 2005, Defendant Veesart filed this motion requesting the Court enforce the agreement to share the cost of the examination. In other words, Defendant Veesart seeks to bring an action for breach of contract against Defendant Chisholm Trail within the context of his defense against Plaintiff.

Instead of a motion to enforce contract, the proper procedure to bring an action against a co-defendant or a third party is under Federal Rule of Civil Procedure 13 or 14 in the form of a cross-claim or third party claim.[1] Although the Court could construe Defendant Veesart's Motion as a request to amend his Answer to assert a cross-claim or third party claim, for the reasons stated below, the request must be denied on grounds of futility.

---

[1] Fed. R. Civ. P. 13(g); Fed. R. Civ. P. 14.

**II.     Discussion**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[2] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] Leave to amend, however, is to be "freely given when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded."[4] The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[5]

Although Rule 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.[6] A motion to amend may be denied as futile if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.[7] The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt

---

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6] *Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[7] *Id.*; *Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

that the [party] can prove no set of facts in support of his claims which would entitle him to relief"[8] or when an issue of law is dispositive.[9] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[10] The issue in resolving a motion such as this is "not whether [the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[11]

### A. Fed. R. Civ. P. 13 (Cross-claim)

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of the original action.[12] The Rule is intended to promote the expiditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve this goal.[13]

As a preliminary matter, Rule 13 requires that a cross-claim be set forth in the Answer.[14] Defendant Veesart has neither brought this claim in the Answer nor moved for leave to amend his Answer. Rule 13 also requires that the party against whom relief is sought be a co-defendant. A cross-claim cannot be

---

[8] *Poole v. Cty. of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[9] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[10] *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[11] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

[12] Fed. R. Civ. P. 13(g).

[13] *Providential Dev. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956).

[14] *FDIC v. Soden*, 603 F. Supp. 629, 635 (D. Kan. 1984).

brought against a party who has been eliminated from the suit prior to the filing of the cross-claim.[15] Although still a party to the action when the Defendant's Motion to Enforce was filed, Chisolm Trail was dismissed as a party on May 19, 2005 and any cross-claim filed against Chisolm Trail after May 19, 2005 would be futile.

Moreover, Rule 13 requires that the cross-claim arise out of the same transaction or occurrence as the original suit. Defendant Veesart's claim against Chisholm Trail is a breach of contract claim. The contract was to share equally in the costs of an independent medial examination of Plaintiff's hearing. Chisholm Trail settled with Plaintiff before the examination took place and so refused to pay a portion of the exam. The original suit is a personal injury claim arising out of an incident at a gun show where a gun was fired near his ear. These two claims share no issues of fact or law. Any delay, inconvenience, or added expense would not result from overlapping proof or duplication of testimony. There is no logical connection that would support the Court ruling on Defendant Veesart's claim within the context of Plaintiff's suit.

### B.     Fed. R. Civ. P. 14 (Third-Party Claim)

Since Chisholm Trail is no longer a party, Defendant Veesart's claim might be brought under Fed. R. Civ. P. 14. Rule 14 allows a defending party to serve a complaint and summons to a non-party any time after the commencement of an action.[16] The third-party plaintiff, however, must be asserting that the third-

---

[15] *Seiffer v. Topsy's Intern., Inc.*, 487 F. Supp. 653, 709 (D. Kan. 1980) (dismissing cross-claim where the order to dismiss the party from the suit had already been entered).

[16] Fed. R. Civ. P. 14(a).

5

party defendant is or may be liable for all or part of the plaintiff's claim against the third-party plaintiff.[17] Defendant Veesart's claim is not for indemnification of liability to Plaintiff, but for payment of a contract regarding litigation costs. As such, a cross-claim purusant to Rule 14 would be futile.

For the reasons stated above, Defendant Veesart's Motion to Enforce Agreement (doc. 49) against non-party Chisolm Trail is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 14th day of July, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties

Paul C. Gurney
Law Office of Daniel P. Hanson
12980 Metcalf Ave.-Ste. 400
Overland Park, KS 66213-2620
(Counsel for former Defendant Chisolm Trail)

[17] *Id.*